UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CINDY DAVIS,

                              Plaintiff,

                                                      Case # 19-CV-1023-FPG

v.

                                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

On March 31, 2020, the Court entered a stipulation in which the parties agreed to a final judgment in Plaintiff's favor and to remand the case for further proceedings. ECF No. 12. The same day, the Clerk of Court entered judgment in Plaintiff's favor. ECF No. 13.

On April 10, 2020, Plaintiff moved for $4,627.84 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). ECF No. 14. The Commissioner did not file a response. *See* Loc. R. Civ. P. 5.5(f) (giving defendant 30 days to respond to a motion for attorney's fees under EAJA). For the reasons that follow, Plaintiff's motion is GRANTED.

Pursuant to the EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Given the parties' stipulation and the absence of opposition from the Commissioner, the Court is satisfied that Plaintiff is a prevailing party and that no exception to a fee award exists.

The next question is whether the requested fees are reasonable. EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. §

1

2412(d)(2)(A).  "When determining how many hours in a particular case are reasonable, courts weigh factors such as the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings."  *Lofton v. Saul*, No. 19-CV-454, 2020 WL 858649, at *1 (D. Conn. Feb. 21, 2020).  "Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between twenty and forty hours of attorney time to prosecute."  *Id.* (internal brackets omitted).  "Determining counsel's hourly rate under the EAJA involves applying a cost-of-living adjustment, as measured by the Consumer Price Index ("CPI"), to the statutory ceiling of $125.00 per hour set by the EAJA on March 29, 1996."  *Montes v. Comm'r of Soc. Sec.*, No. 17-CV-322, 2019 WL 2264967, at *3 (W.D.N.Y. May 28, 2019) (internal quotation marks and brackets omitted).  "The hourly rate should only be increased by the corresponding CPI for each year in which the legal work was performed."  *Id.* (internal brackets omitted).

In this case, Plaintiff requests $4,627.84 in fees based on 22.4 hours of work, and the Court finds Plaintiff's calculations reasonable.  *See* ECF No. 14-1 at 4-5.  Therefore, Plaintiff's Motion for Attorney Fees (ECF No. 14) is GRANTED.  The Commissioner shall, subject to offset under the Treasury Offset Program, promptly pay $4,627.84 to Plaintiff's counsel.

IT IS SO ORDERED.

Dated: August 3, 2020
 Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court